THE PEOPLE ex rel. CHRISTOPLE DILCHER, Appellant, v. THE GERMAN UNITED EVANGELICAL ST. STEPHEN'S CHURCH OF BUFFALO, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, DECEMBER, 1871.)

A mandamus will issue to compel the trustees of a church corporation, incorporated under the general law, to restore to his rights, as a corporator, one who has been expelled from the church membership, but who is qualified, as a corporator, under the statute.

This is so, although the by-laws of the church preclude all but church members from the rights of corporators.

A by-law presenting any different qualifications for membership than such as are required by the statute is void.

The decision in this case at Special Term (3 Lansing, 434.) reversed.

The People ex rel. Dilcher *v.* St. Stephen's Church.

APPEAL from a judgment entered upon the direction of the Special Term.

The facts are stated in the opinion.

*Delavan F. Clark*, for the appellant.

*Greene & Bryant*, for the respondent.

Present—MULLIN, P. J. ; JOHNSON and TALCOTT, JJ.

MULLIN, P. J.   This is an appeal from an order made at Special Term in Erie county, overruling a demurrer to a return to an alternative mandamus.

This alternative writ alleges that the relator was a member of the German United Evangelical St. Stephen's Church of Buffalo, which has been duly incorporated under the general law of the State regulating the incorporation of religious societies; that at a meeting of the members thereof he was expelled, for having united with two other members of the same church in writing a false, fraudulent, scandalous and malicious letter to an officer of a German Protestant Evangelical church in Pittsburgh in relation to Rev. Frederick Schiller, the pastor of the defendant's church, and was deprived, by reason of such expulsion, from the exercise and enjoyment of the rights, privileges and liberties, franchises and profits appertaining and belonging to a membership in said church; and the writ then commands the defendant to admit and restore to membership in said church, together with all the rights appertaining or belonging thereto.

The return admits the membership of relator, his expulsion for the cause aforesaid.   It is alleged that by the by-laws of said church no one but a member of the church, admitted according to the discipline of said church, can vote at the meetings of said church, hold office therein, or enjoy any of the rights and privileges of the same; that the relator, being expelled for the cause above mentioned, lost his right to vote and hold office, and any and all other rights he might otherwise have been entitled to as such member.

The principal ground of demurrer to the return, and the only one I shall consider, is that the return does not set forth or show any sufficient grounds or cause for the expulsion of the relator.

With the action of the church as a religious body we have nothing whatever to do, and we decline altogether to enter upon any review of its action in expelling the relator from the church, acting as a religious body. We have power to regulate the proceedings of the church corporation as a legal being only, and if it has deprived the relator of any of his legal rights as a member of the corporation, it is our duty to compel them to reverse their action and restore him to the enjoyment of such rights.

In order to determine who are entitled to be considered corporators in a religious society that is incorporated, reference must be had to the general law. (2 R. S., 5th ed., 609, § 7.) They are those who have been stated attendants on divine worship in said church, congregation or society, and contributed to the support thereof, according to its usages and customs. There is no authority for requiring any other qualification to constitute a person a member of said society, and any by-law, rule or regulation prescribing any other or different qualification is utterly void. There is no power vested in any number of the corporators, by the statute, to deprive a person qualified under it of his right to exercise the powers and enjoy the privileges conferred by it on the members of the society.

It has been decided in England, in the case of *King* v. *Richardson* (1 Barr, 517, 541), that a corporation aggregate may disfranchise a corporator and remove an officer for sufficient cause, but subject to the following limitations : To authorize its exercise the offence must be, 1st. Of so infamous a nature as to render the offender unfit to execute any public franchise, unless it relates to the official or corporate character of the party. 2d. It must relate to the official or corporate charter, and amount to a breach of the condition tacitly or expressly annexed to his franchise or office ; and, 3d. Where

the offence is of a mixed nature, being not only against his official or corporate duty, but also matter indictable at common law.

As to the first class, the corporation cannot remove or disfranchise without a previous conviction at common law. As to the second, the corporation may, after hearing the accused, disfranchise or remove him. And as to the third, it is doubtful whether there is power to disfranchise until there has been a conviction. (*Fawcett* v *Charles*, 15 Wend., 473.)

NELSON, J., in this case, expresses a doubt whether a private corporation has power to disfranchise a corporator. But with great respect for the learned judge, it seems to me there should be no doubt on the subject, especially in private stock corporations, or in corporations in which the corporators have any pecuniary interests to protect. Surely a stockholder in a bank cannot be disfranchised because his private character or conduct may be immoral.

A member of a corporation organized under the law relating to the incorporation of religious societies, if a pew owner, has a pecuniary interest in the management of its affairs by its trustees. They may neglect to keep the church edifice in repair, to supply fuel or lights, to employ a minister; they may embezzle its funds and be guilty of violations of the duty they owe the society in many ways, affecting injuriously the interests not only of those who own pews but of those who attend worship in the church and contribute to its funds.

Considering the corporation as a mere civil organization, the bad character or conduct of the corporator cannot deprive him of his rights, although it may bring discredit on the society to have such a person a member of it. If we were dealing with the church as a religious body, other and different considerations would be acted upon.

The ground on which the relator was disfranchised is set forth in the return. The conduct imputed to him, and which constitutes the ground of disfranchisement, is certainly disreputable, but it does not furnish any adequate reason for depriving him of his rights as a member of the corporation, if

the other members had the right to disfranchise him for any cause.

We think the relator is entitled to a mandamus to restore him to his rights as a member, not of the religious organization, but of the corporation, to the end that he may exercise all the powers and possess all the rights and privileges pertaining to members of said corporation.

The order of the Special Term must be reversed, and judgment ordered for the relator, that a peremptory mandamus issue, with costs to the relator.